STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
CAROL PINARD-CRONIN, RESPONDENT.

743 N.W.2d 649

Filed January 18, 2008.   No. S-07-275.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

### INTRODUCTION

On March 16, 2007, formal charges were filed by the office of the Counsel for Discipline, relator, against Carol Pinard-Cronin,

respondent. The formal charges set forth two counts that included allegations that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice); Canon 6, DR 6-101(A)(1) (handling matter not competent to handle); DR 6-101(A)(2) (inadequately preparing to handle legal matter); and DR 6-101(A)(3) (neglecting legal matter); as well as the following provisions of Neb. Ct. R. of Prof. Cond. (rev. 2005): rule 1.1 (providing competent representation to client), rule 1.3 (acting with diligence in representing client), rule 8.4(a) (violating disciplinary rules), and rule 8.4(d) (engaging in conduct prejudicial to administration of justice). The formal charges also alleged that respondent violated her oath of office as an attorney. Neb. Rev. Stat. § 7-104 (Reissue 1997). Respondent's answer in effect disputed certain of the allegations.

A referee was appointed who heard evidence. The referee filed a report on September 24, 2007. With respect to the formal charges, the referee concluded that respondent's conduct had violated DR 1-102(A)(5); DR 6-101(A)(1) through (3); rules 1.1, 1.3, and 8.4(a) and (d); and her oath as an attorney. The referee recommended that respondent receive a public reprimand and be placed on probation for a period of 18 months, during which time respondent would engage and work with a practicing attorney to monitor respondent's practice.

On October 26, 2007, relator filed a motion for judgment on the pleadings, requesting that this court accept the referee's recommendation and enter judgment thereon. The motion was not opposed. We grant relator's motion, and we impose discipline as indicated below.

## FACTS

The referee's hearing was held on September 17, 2007. Respondent testified during the hearing. A total of 16 exhibits were admitted into evidence.

The substance of the referee's findings may be summarized as follows: Respondent was admitted to the practice of law in the State of Nebraska in 2001. She has practiced in Douglas County, Nebraska.

With regard to count I of the formal charges, the referee found that on April 11, 2003, respondent was retained by Rex Moulton to represent him in a personal injury claim arising from an automobile accident. Respondent's practice essentially focuses on the areas of juvenile and family law, and Moulton's case was the first and only personal injury matter respondent has handled. On November 15, 2004, respondent filed suit on behalf of Moulton against Christine Roe in the district court for Douglas County. Respondent attempted to serve Roe but failed to serve Roe within 6 months of the filing of the lawsuit. On May 17, 2005, Moulton's lawsuit against Roe was dismissed by the district court, by which time the statute of limitations on Moulton's claim had run. The referee found that respondent failed to respond to telephone calls from Moulton regarding the status of his case, failed to inform him that his lawsuit had been dismissed, and failed to protect Moulton's claim from being lost due to the running of the statute of limitations.

With regard to count I, the referee found that in April 2006, Moulton filed a grievance with relator regarding respondent's handling of his personal injury case. A copy of Moulton's grievance letter was sent to respondent by relator with directions to respond in writing to the grievance. Respondent failed to respond. Respondent failed to answer two subsequent letters sent by relator directing respondent to respond to Moulton's grievance letter. After receiving a fourth request to respond to Moulton's grievance, respondent provided a response and effectively acknowledged that she had filed suit on behalf of Moulton and that the suit had been dismissed and was barred by the statute of limitations. Moulton subsequently brought a malpractice action against respondent, which respondent settled by paying $2,500.

With regard to count II of the formal charges, the referee found that on October 10, 2006, respondent's trust account check in the amount of $200 was presented to respondent's bank. At the time, respondent's trust account balance was $110.22. The bank honored the check and charged respondent a service fee, causing respondent's trust account to be overdrawn by a total of $120.78. On October 11, respondent's trust account checks in the amounts of $82 and $34 were presented to respondent's

bank. The bank honored the checks and charged respondent additional service fees, which caused respondent's trust account to be overdrawn by a total of $298.78. The bank sent relator a notice of respondent's trust account overdrafts. On October 24, relator wrote respondent and asked her to provide a written explanation as to why her trust account did not have sufficient funds to honor checks presented against it. Respondent was also asked to provide copies of all supporting documentation.

With regard to count II, the referee found that on October 26 and again on November 1, 2006, relator received additional notices from respondent's bank indicating that respondent's trust account was again overdrawn. On October 26 and again on November 1, relator wrote respondent and asked her to provide a written explanation as to why her trust account did not have sufficient funds to honor checks presented against it. Respondent was also asked to provide copies of all supporting documentation. On November 14, respondent sent relator a letter by facsimile transmission stating that the overdrafts were caused by two clients' checks that had been subsequently dishonored by their respective banks. Respondent stated in her letter that copies of her supporting documentation would be sent by regular mail. On December 28, after relator had not received respondent's supporting documentation, relator wrote respondent and asked her to provide that documentation as well as copies of certain checks and respondent's trust account bank statements for the period of August through November 2006. Respondent did not provide relator the supporting documentation or the requested copies.

With regard to the October and November 2006 overdrafts in respondent's trust account, the referee found that such overdrafts occurred when checks from two of respondent's clients were dishonored. The referee found that respondent's overdraft situation was "a fleeting, isolated, one time situation, which had never occurred before, and has not occurred since." The referee further found that the overdraft situation was not the result of either respondent's misappropriation of client funds or willful negligence. The referee found that no client was harmed by the overdraft situation and that respondent had taken immediate steps to rectify the overdraft situation.

Finally, the referee found that during the fall and winter of 2005 and 2006, respondent was encountering several "personal challenges." Two of respondent's children had sustained serious injuries in separate accidents, respondent's mother had suffered a stroke, and three members of respondent's family had died, one by suicide. The referee found that at the time of the hearing, respondent was seeing a mental health counselor. The referee also found that if respondent was allowed to continue in the practice of law, she intended to limit her practice to the areas of juvenile and family law.

The referee found that among the exhibits admitted into evidence were 14 letters written by juvenile court judges, lawyers, and others, all "express[ing] a high regard for [respondent's] skills as a juvenile law practitioner." Also included in the exhibits was a letter from respondent's mental health counselor to the effect that respondent was making progress in her counseling and setting realistic goals to avoid a reoccurrence of the situation that had resulted in the present disciplinary proceedings.

Based upon the evidence offered during the hearing, the referee found that certain of respondent's actions constituted a violation of the following provisions of the Code of Professional Responsibility: DR 1-102(A)(5) and DR 6-101(A)(1) through (3). The referee also found that certain of respondent's actions violated rules 1.1, 1.3, and 8.4(a) and (d) of the Nebraska Rules of Professional Conduct. Finally, the referee found that respondent's actions constituted a violation of respondent's oath of office as an attorney. With respect to the discipline to be imposed, the referee recommended that respondent receive a public reprimand and be placed on probation for a period of 18 months, during which time, respondent would engage and work with a practicing attorney to monitor respondent's practice.

No exceptions were filed to the referee's report. On October 26, 2007, relator filed a motion for judgment on the pleadings, in which relator moved this court to enter judgment in conformity with the referee's report and recommendation.

## ANALYSIS

We note that certain of respondent's conduct at issue in this case occurred prior to the September 1, 2005, effective date

of the Nebraska Rules of Professional Conduct and is, therefore, governed by the now-superseded Code of Professional Responsibility. We also note that certain of respondent's conduct at issue in this case occurred on or after September 1, 2005, and is therefore governed by the Nebraska Rules of Professional Conduct. We are nonetheless guided by the principles previously announced in our prior decisions under the Code of Professional Responsibility. See *State ex rel. Counsel for Dis. v. Dortch*, 273 Neb. 667, 731 N.W.2d 594 (2007).

A proceeding to discipline an attorney is a trial de novo on the record. *State ex rel. Counsel for Dis. v. Petersen*, 272 Neb. 975, 725 N.W.2d 845 (2007). To sustain a charge in a disciplinary proceeding against an attorney, a charge must be supported by clear and convincing evidence. *Id.* Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *Id.*

As noted above, neither party filed written exceptions to the referee's report. Pursuant to Neb. Ct. R. of Discipline 10(L) (rev. 2005), relator filed a motion for judgment on the pleadings. When no exceptions to the referee's findings of fact are filed by either party in an attorney discipline proceeding, the Nebraska Supreme Court may, in its discretion, consider the referee's findings final and conclusive. *State ex rel. Counsel for Dis. v. Wickenkamp*, 272 Neb. 889, 725 N.W.2d 811 (2007). Based upon the undisputed findings of fact in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence, and the motion for judgment on the pleadings is granted. Specifically, based upon the foregoing evidence, we conclude that by virtue of respondent's conduct occurring before September 1, 2005, respondent has violated the following provisions of the Code of Professional Responsibility: DR 1-102(A)(5) and DR 6-101(A)(1) through (3). We also conclude that by virtue of respondent's conduct occurring on or after September 1, 2005, respondent has violated the following provisions of the Nebraska Rules of Professional Conduct: rules 1.1, 1.3, and 8.4(a) and (d). Finally, we conclude that by virtue of respondent's conduct, respondent has violated her oath of office as an attorney, § 7-104.

We have stated that the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. *State ex rel. Counsel for Dis. v. Dortch, supra.* Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, rule 10(N).

With respect to the imposition of attorney discipline in an individual case, we have stated that each attorney discipline case must be evaluated individually in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Wickenkamp, supra.* For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *Id.* The determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding also requires the consideration of any aggravating or mitigating factors. *Id.*

We have considered the referee's report and recommendation, the findings of which have been established by clear and convincing evidence, and the applicable law. Upon due consideration of the record, the court finds that respondent should be and hereby is publicly reprimanded. Further, the court finds that respondent shall be on probation for a period of 18 months, during which period respondent will:

(1) be monitored by an attorney approved by relator;

(2) provide the monitoring attorney, on a monthly basis, with a list of all cases for which respondent is then currently responsible, said list to include the following information for each case:

(a) the date the attorney/client relationship began;

(b) the type of case;

(c) the last date and type of work completed on the case;

(d) the next type of work and date to be completed on the case; and

(e) any applicable statute of limitations and its date;

(3) meet on a monthly basis with the monitoring attorney to discuss respondent's pending cases; and

(4) work with the monitoring attorney to develop and implement appropriate office procedures to ensure that client matters are handled in a timely manner.

If at any time the monitoring attorney believes respondent has violated a disciplinary rule, or has failed to comply with the terms of probation, the monitoring attorney shall report the same to relator.

Relator shall advise this court within 30 days of the filing of this opinion as to the attorney approved by relator to monitor respondent.

## CONCLUSION

Relator's motion for judgment on the pleadings is sustained. We find by clear and convincing evidence that respondent violated DR 1-102(A)(5); DR 6-101(A)(1) through (3); rules 1.1, 1.3, and 8.4(a) and (d); as well as her oath of office as an attorney. It is the judgment of this court that respondent should be and hereby is publicly reprimanded. It is the further judgment of this court that respondent shall be on an 18-month period of monitored probation, subject to the terms set forth above. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997), disciplinary rule 10(P), and Neb. Ct. R. of Discipline 23(B) (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.