746 N.W.2d 681 (2008)
275 Neb. 357
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, relator,
v.
Brent R. WADMAN, respondent.
No. S-06-1213.
Supreme Court of Nebraska.
April 4, 2008.
*683 John W. Steele, Assistant Counsel for Discipline, for relator.
No appearance for respondent.
HEAVICAN, C.J., and WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
On October 31, 2006, formal charges were filed by the office of the Counsel for Discipline, relator, against Brent R. Wadman, respondent. "Additional Formal Charges" were filed subsequently thereto. The collective formal charges effectively set forth two counts that included allegations that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule) and DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice); Canon 6, DR 6-101(A)(3) (neglecting legal matter); and Canon 7, DR 7-101(A)(2) (failing to carry out contract of employment for professional services), as well as his oath of office as an attorney, Neb.Rev.Stat. § 7-104 (Reissue 1997). Respondent's answer disputed certain of the allegations.
A referee was appointed, and on April 26, 2007, a referee's hearing was held. A total of 21 exhibits were received into evidence, and respondent testified. The referee filed a report on June 1. With respect to the formal charges, the referee found that respondent's conduct had violated DR 1-102(A)(1) and (5), DR 6-101(A)(3), and DR 7-101(A)(2). The referee did not make any findings regarding the allegation that respondent's conduct had violated his oath of office as an attorney. With regard to the discipline to be imposed, the referee recommended that respondent be publicly reprimanded.
Neither relator nor respondent filed exceptions to the referee's report. On June 11, 2007, relator filed a motion for judgment on the pleadings under Neb. Ct. R. of Discipline 10(L) (rev. 2005). The motion was not opposed. On July 18, we granted the motion for judgment on the pleadings in part, ordering that the facts found by the referee were "accepted as facts established in the case," and we found that respondent had violated the code provisions as alleged in the formal charges. We ordered that the case should proceed to briefing and oral argument limited to the issue of the appropriate discipline. We now impose discipline as indicated below.

STATEMENT OF FACTS
The substance of the referee's findings may be summarized as follows: Respondent was admitted to the practice of law in the State of Nebraska on April 23, 2001. Respondent was engaged in the private practice of law in Nebraska from 2001 until early 2005. In early 2005, he closed his private practice and began working as in-house counsel to a Nebraska business, where he was still employed at the time of the referee's hearing.
With regard to the allegations contained in the formal charges, the referee found that respondent had been retained to represent Eloise Johnson in a personal injury case. Respondent filed suit on behalf of Johnson in the county court for Douglas *684 County. Thereafter, respondent did not respond to a motion for summary judgment filed by the defendant, and he did not attend the summary judgment hearing at which the county court entered summary judgment in favor of the defendant and dismissed Johnson's personal injury action. Respondent testified to the effect that he had moved offices and that he did not receive notice of a change in the date for the summary judgment hearing until after the hearing had been held and the motion had been granted. Respondent admitted that although he advised Johnson that the defendant had filed a motion for summary judgment, he did not tell her that the motion had been sustained or that her case had been dismissed.
With regard to the allegations contained in the "Additional Formal Charges," the referee found that respondent had been retained to represent Thomas Smith-Perkins in a personal injury case. Although respondent did engage in some initial investigatory work on behalf of Smith-Perkins, respondent did not take any other action with regard to Smith-Perkins' alleged personal injury claim. Although the "Additional Formal Charges" allege that Smith-Perkins' personal injury claim was now time barred, the referee's report does not contain a finding with respect to that allegation.
The referee's report summarized respondent's testimony at the hearing wherein respondent effectively stated that he did not feel competent to handle personal injury cases and that it was for that reason that he closed his private practice in 2005 and began working as in-house counsel to a business. The referee found that at the time of the referee hearing, there had been "no further allegations of wrong doing [sic] since [respondent] left private practice."
Although it was not specifically identified by the referee as an aggravating factor, the referee found that respondent had been the subject of two prior disciplinary proceedings generally involving the neglect of three separate clients' matters while he was engaged in private practice. The prior proceedings had resulted in respondent's receiving private reprimands on May 17, 2005, and on April 12, 2006. The referee also found certain facts that can be characterized as mitigating factors, including respondent's cooperation with relator during the disciplinary proceedings, respondent's admission of many of the allegations contained within the formal charges and "Additional Formal Charges," and respondent's acknowledging responsibility for his actions.
Based upon the evidence offered during the hearing, the referee found by clear and convincing evidence that respondent's actions constituted a violation of the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1) and (5), DR 6-101(A)(3), and DR 7-102(A)(2). With respect to the discipline that ought to be imposed, the referee recommended that respondent be publicly reprimanded.
As noted above, no objections were filed to the referee's report. On June 11, 2007, relator filed a motion for judgment on the pleadings. On July 18, this court granted the motion in part, adopting the referee's findings and setting for briefing and oral argument the issue of the appropriate discipline.

ASSIGNMENT OF ERROR
The only issue before the court is the appropriate discipline to be entered against respondent.

STANDARDS OF REVIEW
A proceeding to discipline an attorney is a trial de novo on the record. *685 State ex rel. Counsel for Dis. v. Pinard-Cronin, 274 Neb. 851, 743 N.W.2d 649 (2008). To sustain a charge in a disciplinary proceeding against an attorney, a charge must be supported by clear and convincing evidence. Id.

ANALYSIS

Findings.
We note that all of respondent's conduct at issue in this case occurred prior to the September 1, 2005, effective date of the Nebraska Rules of Professional Conduct and is, therefore, governed by the now-superseded Code of Professional Responsibility.
A proceeding to discipline an attorney is a trial de novo on the record. State ex rel. Counsel for Dis. v. Pinard-Cronin, supra. To sustain a charge in a disciplinary proceeding against an attorney, a charge must be supported by clear and convincing evidence. Id. Violation of a disciplinary rule concerning the practice of law is a ground for discipline. Id.
As previously noted, there were no exceptions filed to the referee's report in this case, and in an earlier order, this court adopted the findings of the referee. Given this record, we find clear and convincing evidence that respondent's conduct, set forth above, violated the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1) and (5), DR 6-101(A)(3), and DR 7-101(A)(2). We also conclude that by virtue of respondent's conduct, respondent has violated his oath of office as an attorney. See § 7-104.

Factors Affecting Discipline to Be Imposed.
We have stated that the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. State ex rel. Counsel for Dis. v. Dortch, 273 Neb. 667, 731 N.W.2d 594 (2007). Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of or subsequent to suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension. See, also, rule 10(N).
With respect to the imposition of attorney discipline in an individual case, we have stated that "[e]ach case justifying the discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case." State ex rel. Counsel for Dis. v. Petersen, 272 Neb. 975, 982, 725 N.W.2d 845, 851 (2007). To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. State ex rel. Counsel for Dis. v. Dortch, supra.
For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. Id. We have noted that the determination of an appropriate penalty to be imposed on an attorney also requires consideration of any aggravating and mitigating factors. Id.

Discipline to Be Imposed.
The evidence in this case establishes that respondent has neglected *686 two clients' legal matters, and this court is seriously concerned with respondent's repeated neglect of matters entrusted to him. See State ex rel. Counsel for Dis. v. Sipple, 265 Neb. 890, 902, 660 N.W.2d 502, 512 (2003) (discussing attorney's prior private reprimands and stating that "[w]e have held that cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions"). In this connection, we take into consideration and find troubling the facts that in addition to the present proceedings, respondent has twice been previously privately reprimanded for his conduct with respect to three clients' matters and that he effectively misrepresented to Johnson the status of her case. As mitigating factors, we note that respondent cooperated with relator during the disciplinary proceedings, admitted many of the allegations contained within the formal charges and "Additional Formal Charges," and acknowledged responsibility for his actions. The evidence also establishes that respondent is no longer engaged in the private practice of law.
Upon due consideration of the record, the court finds that respondent should be and hereby is suspended from the practice of law for a period of 6 months, effective immediately. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. At the end of the 6-month suspension period, respondent may apply to be reinstated to the practice of law, provided that respondent has demonstrated his compliance with rule 16, and further provided that relator has not notified this court that respondent has violated any disciplinary rule during his suspension.

CONCLUSION
We find by clear and convincing evidence that respondent violated DR 1-102(A)(1) and (5), DR 6-101(A)(3), DR 7-101(A)(2), and his oath of office as an attorney. It is the judgment of this court that respondent be suspended from the practice of law for a period of 6 months. Respondent shall comply with rule 16, and upon failure to do so, he shall be subject to punishment for contempt of this court. Furthermore, respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 1997), rule 10(P), and Neb. Ct. R. of Discipline 23 (rev. 2001), within 60 days after an order imposing costs and expenses, if any, is entered by this court.
JUDGMENT OF SUSPENSION.