759 N.W.2d 110 (2009)
277 Neb. 1
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, Relator,
v.
William R. BOOSE III, Respondent.
No. S-07-923.
Supreme Court of Nebraska.
January 16, 2009.
*111 John W. Steele, Assistant Counsel for Discipline, for relator.
Kevin P. Tynan, Fort Lauderdale, FL of Richardson & Tynan, P.L.C., and Richard L. Halbert, of Halbert, Dunn & Halbert, L.L.C., Falls City, for respondent.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

SUMMARY
In this reciprocal attorney discipline case, Counsel for Discipline, the relator, asks us to discipline William R. Boose III, a member of the Nebraska State Bar Association. In July 2007, Boose pleaded guilty to violating 18 U.S.C. § 4 (2006) in the U.S. District Court for the Southern District of Florida. His crime was a federal felony offense. Because of his felony conviction, the Florida Supreme Court suspended him from the practice of law for 3 years. Boose notified the Nebraska Counsel for Discipline of his conviction, and the relator now seeks reciprocal discipline against Boose under Neb. Ct. R. § 3-321.

CRIMINAL ACTS LEADING TO SUSPENSION
Boose was admitted to the practice of law in Florida on November 10, 1969, and in Nebraska on July 27, 1970. Boose has maintained his membership in the Nebraska State Bar Association. His practice in Florida focuses on land use and zoning laws.
Boose's guilty plea provides the following facts regarding his conviction: Boose was an attorney who specialized in land use and zoning laws. He regularly appeared before the Palm Beach County Board of County Commissioners in Florida, seeking approval of land use, zoning, and other real-estate-related matters for his clients.
*112 At the heart of the criminal prosecution was the sale of 3,500 acres of undeveloped land in Martin County, Florida, known as Nine Gems. In August 2002, Anthony Masilotti, a member of the Palm Beach County Board of County Commissioners, retained Boose to purchase a 150-acre tract of Nine Gems. To facilitate the purchase, Boose created a Florida land trust, naming a Boose law firm employee to act as trustee. Masilotti's then-wife was the sole beneficiary of the trust.
After he purchased the land, Masilotti used his position as a public official to pursue the purchase of the entire Nine Gems land by the South Florida Water Management District. He did not disclose that he had a financial interest in the land. The district ultimately purchased Nine Gems in October 2004, including the land owned by Masilotti. The district paid Masilotti $1.7 million by wire transfer for the sale of his holdings within Nine Gems.
In March 2004, before the closing on the sale, Boose became aware that Masilotti misused his public position to advance and leverage the sale of Nine Gems. But Boose did not make Masilotti's self-dealing known to the authorities. The government later charged Boose with having knowledge of the actual commission of a felony and failing to report it, in violation of 18 U.S.C. § 4. Boose pleaded guilty and admitted that he knew or should have known that Masilotti had engaged in wire fraud and that he failed to report it to the appropriate criminal authorities. On January 25, 2008, the court sentenced Boose to serve 24 months' imprisonment, fined him $25,000, and placed him on 1 year of supervised release. Boose also paid more than $400,000 in restitution.

ORDER OF SUSPENSION BY THE FLORIDA SUPREME COURT
The Florida Bar Association brought disciplinary proceedings against Boose. A referee found that Boose violated two rules: (1) committing an act that is unlawful or contrary to honesty and justice and (2) committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer. In Florida, disbarment is the presumptive sanction for a lawyer convicted of a felony; however, the referee made specific findings regarding mitigation. The referee found that Boose had not been previously disciplined; he had sought interim rehabilitation and shown remorse; other penalties or sanctions, specifically the criminal sentence, had been imposed; and the record reflected abundant evidence of Boose's good character and reputation. The referee noted that the character references submitted on Boose's behalf showed that he is a valued member of the Florida bar and his community.
The Florida Supreme Court approved the referee's report and suspended Boose from the practice of law for 3 years, effective August 3, 2007.[1] Because Boose is a member of the Nebraska bar, the relator requests that reciprocal discipline be imposed in the State of Nebraska under § 3-321.

ANALYSIS
The issues in a disciplinary proceeding against a lawyer are whether we should impose discipline and, if so, the type of discipline appropriate under the circumstances.[2] In a reciprocal discipline proceeding, "`a judicial determination of *113 attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction.'"[3] Although we are entitled to independently assess the facts,[4] we decline to do so when Boose has admitted his guilt in committing a serious felony offense. Because Boose has not alleged that he was deprived of due process of law in the Florida disciplinary proceedings, our review is limited to a determination of the appropriate sanction.[5]
By pleading guilty to the federal criminal charges, Boose has admitted that he committed a criminal act that adversely reflects on the lawyer's honesty, trustworthiness, or fitness as a lawyer, in violation of Neb. Ct. R. Prof. Cond. § 3-508.4(b). The imposition of discipline is therefore appropriate. Under Neb. Ct. R. § 3-304, we may consider and impose the following public sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period; (3) probation instead of or after suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.[6] When another jurisdiction has disciplined an attorney, we may enter an order imposing the identical discipline, or greater or lesser discipline, as we deem appropriate.[7] When determining the proper discipline of an attorney, we consider an attorney's acts both underlying the offense and throughout the disciplinary proceeding.[8]
Boose was convicted of a felony for failing to report his client's felonious activity. As an attorney, Boose has an obligation to uphold the laws of the United States. His failure to do so is a grievous breach of professional ethics. It violates basic notions of honesty and endangers public confidence in the legal profession.
Boose has violated his oath of office as an attorney and § 3-508.4(b). The motion for reciprocal discipline is granted. Boose is disbarred from the practice of law in the State of Nebraska, effective immediately. He shall comply with Neb. Ct. R. § 3-316, and upon failure to do so, he shall be subject to punishment for contempt of this court. Furthermore, Boose is directed to pay costs and expenses under Neb. Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and Neb. Ct. R. §§ 3-310(P) and 3-323 within 60 days after an order imposing costs and expenses, if any, is entered by this court.
JUDGMENT OF DISBARMENT.
NOTES
[1] The Florida Bar v. Boose, No. SC07-1406, 2008 WL 2262400 (Fla. May 15, 2008) (unpublished disposition listed in table at 984 So.2d 520).
[2] See State ex rel. Counsel for Dis. v. Finney, 276 Neb. 914, 758 N.W.2d 622 (2008).
[3] See State ex rel. Counsel for Discipline v. Rogers, 272 Neb. 450, 451, 722 N.W.2d 505, 506 (2006).
[4] State ex rel. NSBA v. Gallner, 263 Neb. 135, 638 N.W.2d 819 (2002).
[5] See State ex rel. NSBA v. Van, 251 Neb. 196, 556 N.W.2d 39 (1996).
[6] See Finney, supra note 2.
[7] § 3-321.
[8] See Finney, supra note 2.