775 N.W.2d 426 (2009)
278 Neb. 1015
STATE of Nebraska ex rel. Counsel for Discipline of the Nebraska Supreme Court, relator,
v.
Donald J. LOFTUS, respondent.
No. S-08-1330.
Supreme Court of Nebraska.
December 4, 2009.
*427 John W. Steele, Assistant Counsel for Discipline, for relator.
Donald J. Loftus, pro se.
HEAVICAN, C.J., WRIGHT, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

NATURE OF CASE
The Counsel for Discipline of the Nebraska Supreme Court, relator, has filed a motion for reciprocal discipline against Donald J. Loftus, respondent.

FACTS
Loftus was admitted to the practice of law in Nebraska in 1973 and in California in 1990. He was on inactive status with the Nebraska State Bar Association until June 19, 2009, when he was suspended for *428 nonpayment of dues. There is no evidence that Loftus has been disciplined in either state before this case.
On November 7, 2007, the Review Department of the State Bar Court of California (Review Department) determined that Loftus was culpable of moral turpitude and therefore had violated California Business and Professions Code § 6106, because he instigated a conversation with an adverse party under false pretenses, secretly recorded it, and then lied about it and concealed it during litigation. It also concluded that Loftus harassed or embarrassed a juror in violation of California Rules of Professional Conduct § 5-320(D).
In accordance with the recommendation of the Review Department, on October 1, 2008, the Supreme Court of California suspended Loftus from the practice of law for 1 year, stayed except for the first 90 days, and placed him on probation for 18 months. The court also ordered Loftus to attend and successfully complete California's State Bar Ethics School, take and pass the Multistate Professional Responsibility Examination, and meet other conditions.
The Counsel for Discipline of the Nebraska Supreme Court filed a motion for reciprocal discipline on December 24, 2008. On January 14, 2009, we entered an order directing the parties to show cause as to why this court should or should not enter an order imposing identical discipline, or greater or lesser discipline, as the court deemed appropriate. Loftus responded, claiming that he was denied due process in the California proceedings.

ANALYSIS
The issues in a disciplinary proceeding against a lawyer are whether this court should impose discipline and, if so, the type of discipline appropriate under the circumstances.[1] In a reciprocal discipline proceeding, "`"a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not subject to relitigation in the second jurisdiction."'"[2] Based on the findings of the Supreme Court of California, we conclude that misconduct occurred and that disciplinary measures are appropriate in this case.
With respect to the type of attorney discipline that is appropriate, we evaluate each case individually in light of the particular facts and circumstances of that case.[3] Neb. Ct. R. § 3-304 provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of or subsequent to suspension, on such terms as the court may designate; (4) censure and reprimand; (5) temporary suspension; or (6) private reprimand.[4] For the purpose of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding.[5] We apply these factors to the instant reciprocal discipline case.
After considering the facts and circumstances of this case, the Supreme Court of California determined that a 1-year suspension, stayed except for the first 90 days *429 of actual suspension, sufficiently protected the interests of the citizens of California. We conclude that a 90-day suspension would likewise protect the citizens of Nebraska.
Loftus' license to practice law in Nebraska is currently under nondisciplinary suspension for nonpayment of annual dues and fees. Pursuant to Neb. Ct. R. § 3-803(E), a member of the Nebraska State Bar Association suspended for nonpayment of dues and/or assessments is eligible to be reinstated if he or she pays all dues and assessments in arrears. As we noted in State ex rel. NSBA v. Flores,[6] in order for attorney discipline to have meaning, it must be added to the nondisciplinary suspension. Accordingly, Loftus will not be eligible for reinstatement until 90 days after he has paid all delinquent dues and assessments owed to the Nebraska State Bar Association and has shown that he has successfully completed California's State Bar Ethics School, taken and passed the Multistate Professional Responsibility Examination, and shown that he has complied and is complying with his term of probation and other conditions imposed by California.

CONCLUSION
The motion for reciprocal discipline is granted. It is the judgment of this court that Loftus should be and is suspended from the practice of law for a period of 90 days immediately following the date when he becomes otherwise eligible for reinstatement from his current nondisciplinary suspension for nonpayment of dues and assessments.
Loftus shall comply with Neb. Ct. R. § 3-316, and upon failure to do so, he shall be subject to punishment for contempt of this court. He is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2007) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by this court.
JUDGMENT OF SUSPENSION.
CONNOLLY, J., not participating.
NOTES
[1] State ex rel. Counsel for Dis. v. Boose, 277 Neb. 1, 759 N.W.2d 110 (2009).
[2] Id. at 4, 759 N.W.2d at 112-13.
[3] See State ex rel. Counsel for Dis. v. Wickenkamp, 277 Neb. 16, 759 N.W.2d 492 (2009).
[4] State ex rel. Counsel for Dis. v. Wadman, 275 Neb. 357, 746 N.W.2d 681 (2008).
[5] Id.
[6] State ex rel. NSBA v. Flores, 261 Neb. 256, 622 N.W.2d 632 (2001).