780 N.W.2d 638 (2010)
279 Neb. 533
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, relator,
v.
David L. NICH, Jr., respondent.
No. S-09-593.
Supreme Court of Nebraska.
March 5, 2010.
*639 HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
The office of the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent, David L. Nich, Jr. After a formal hearing, the referee concluded that Nich had violated the Nebraska Rules of Professional Conduct and his oath of office as an attorney, and recommended a suspension of 6 months. Neither party filed exceptions to the referee's report, and the Counsel for Discipline moved for judgment on the pleadings under the Nebraska Rules of Professional Conduct, see Neb. Ct. R. § 3-310(L). We grant the motion for judgment on the pleadings and impose discipline as indicated below.

STATEMENT OF FACTS
On June 16, 2009, formal charges were filed by the office of the Counsel for Discipline against Nich, alleging that Nich had violated the following provisions of the Nebraska Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence), 3-501.3 (diligence), 3-501.4 (communications), 3-501.16 (declining or terminating representation), 3-503.2 (expediting litigation), and 3-508.1 (bar admission and disciplinary matters).
A referee's hearing was held on October 20, 2009. Nich, acting pro se, testified at the hearing. In addition, two exhibits were introduced. The record in this case reveals the following facts: Nich was admitted to the practice of law in the State of Nebraska on September 20, 2000. He has been in private practice since the date of his admission.
The formal charges filed against Nich on June 16, 2009, contain two counts. Both pertain to Nich's representation of two clients in domestic relations cases.
Count I pertains to a client, Cheryl Jones. In February 2008, Nich and his partner were retained by Jones to represent her in a marriage dissolution action filed by Jones' husband. Temporary child support was awarded to Jones, but in the fall of 2008, Jones learned that her son's Social Security benefits would be adversely affected based on the amount of child *640 support awarded, so she asked Nich to seek a modification of the child support award.
On October 24, 2008, Nich filed a motion for modification, and an agreement was reached with opposing counsel on November 21. The judge assigned to the case instructed Nich to prepare the appropriate order memorializing the agreement. Nich did not prepare or file the order as he had been instructed to do by the court. Jones made numerous attempts to contact Nich by telephone and e-mail to check on the status of the amended order, but was unable to speak to him. Finally, Jones was forced to hire new counsel and filed her grievance with the Counsel for Discipline.
Count II in the formal charges pertained to another client, Joy Budin. On August 5, 2008, Nich was retained by Budin to represent her in divorce proceedings. During the initial meeting, Nich collected needed information and said that he would prepare documents for Budin's signature and that they would meet again on August 12. Nich failed to meet with Budin on August 12, due to his alleged car trouble. Budin spent the day trying to speak to Nich and finally was able to speak to him late in the day on August 12. Nich told Budin that he would send her the paperwork for her to sign. By August 18, Budin had not received the paperwork, so she again called Nich to inquire about her case. Nich said he thought he had mailed it to her but would do so again. Budin received the documents a few days later, signed them, and returned them immediately to Nich.
Hearing nothing further, Budin called Nich again on September 5, 2008. Nich told Budin her case had been filed. On September 8, while applying for a protection order, Budin was told by court personnel that her case had not been filed. Budin spent the rest of the day trying to contact Nich but was not able to talk to him until September 9, when Nich assured Budin that her case had been, in fact, filed by him. Nich promised to fax Budin copies of the file-stamped documents but did not do so that day.
Budin called and left a message for Nich that he was to do nothing further until she could speak directly to him. On September 15, 2008, Budin called Nich's office and he provided Budin a case number indicating that her case had been filed with the court. She then called the court and was told that the case number was for a case filed by Nich, but it was not her case. Shortly thereafter, someone from the clerk's office called her back and said that the clerk's office had just received an envelope from Nich with her documents in it and that the envelope was postmarked September 12. Budin then called Nich and demanded her file and a refund of her retainer. Nich said he would compute his fee, then mail her a refund.
On September 24, 2008, Budin called Nich's office to inquire about the current status of the refund. Nich said he would get it to her by September 26. On October 2, Budin e-mailed Nich, again inquiring into the status of the refund, and he did not respond.
In late October 2008, Budin filed with the Counsel for Discipline her grievance, which was then sent by certified mail to Nich on October 30 and served on him on November 3. On December 12, Nich advised the Assistant Counsel for Discipline that he had finished his written response and that he was prepared to send the refund to Budin and would do so.
On January 8, 2009, Budin notified the Counsel for Discipline that she had not received a letter from Nich or a refund check.
*641 In the answer filed by Nich with the Supreme Court on August 20, 2009, Nich admitted the factual basis of all paragraphs and all counts as outlined in the complaint. At the referee hearing, Nich testified that he had served in the U.S. Army for approximately 5 years and was medically discharged after being wounded in Panama. Nich testified that he clerked for 2 years with an Omaha attorney before being admitted to practice law and was a paralegal for 8 years prior to that.
In his testimony, Nich said he had been in private practice since he was admitted to the bar in 2000. From 2000 to 2006, he was a sole practitioner, and from 2006 to the present, he had practiced with one or two other attorneys, mainly doing criminal law work.
In addition to practicing law, Nich also teaches in the paralegal program at Metropolitan Community College in Omaha. He handles many cases for clients on a pro bono basis, relying on his military pension and his income from teaching at the college.
With regard to the allegations concerning count I, Nich testified that the case was really his partner's case and that the messages should have been given to her. He said it was a mixup in his office for which he accepted full responsibility. He has made changes in his office protocol, in that telephone messages are now logged or recorded and sent to the client's file. The receptionist now makes sure that all calls are returned.
With respect to the allegations of count II, Nich blamed many of the communication problems on his former receptionist. He also said that Budin did not pay him the full retainer initially and that when he started issuing bills to Budin, she became combative. He also said that whenever she called him, she was on a speaker telephone with another unknown male in the background. When Nich would request that Budin take him off speaker telephone, she would refuse to do that. Nich then informed her that he would be glad to speak to her face-to-face or one-on-one but was not willing to speak to her on the speaker telephone with the unidentified male listening in the background.
Nich further testified that in his written retainer agreement with Budin, the terms of the agreement stated that the retainer was earned upon the commencement of work, so he transferred funds directly into his general account once he had commenced working on the case. He said he held the letter and refund check "`for five days'" before mailing it, "maybe even a week." In actuality, it was several months later before he sent it, because, he stated, he did not want to deal with this "`nasty client.'"
Nich further testified that he did not file Budin's petition for dissolution, because the full retainer had not been paid by her. So, even though it was signed on August 21, 2008, he did not file it until September 15, and his request for the full retainer still had not been complied with by that date.
With regard to mitigating factors, Nich testified that in 2006, when the complaints started to be received by the Counsel for Discipline's office, he had suffered a heart attack following treatment for cancer in 2004 and 2005. He also said that he went through a divorce in 2005 and had a falling out with an attorney he had been sharing office space with in Papillion. Nich says he does a lot of pro bono work through the Nebraska State Bar Association's Volunteer Lawyers Project and handles many criminal cases for little or no fee.
With regard to aggravating circumstances, the Counsel for Discipline offered *642 exhibits 1 and 2. Each exhibit showed a private reprimand. Exhibit 1 is a copy of a private reprimand issued to Nich by the Committee on Inquiry of the Fourth Disciplinary District on February 4, 2006. Attached to exhibit 1 is a copy of the complaint that had been filed against Nich on December 7, 2005. Nich was privately reprimanded for making inappropriate statements against a Lancaster County District Court judge. In particular, the statements were made in connection with a prisoner lawsuit in which Nich represented the plaintiffs. In that case, Nich filed pleadings moving to alter or amend an unfavorable ruling and, in the pleadings, employed numerous personal attacks on the competence of the trial judge presiding in the matter.
Exhibit 2 was another private reprimand issued by the Committee on Inquiry of the Fourth Disciplinary District on January 16, 2009, pertaining to a complaint made by a former client, Johnny Thomas. A copy of that complaint was not attached to exhibit 2, but Nich testified that Thomas had lied during a deposition and that Nich knew Thomas had lied. Rather than trying to give Thomas a chance to rehabilitate himself, Nich terminated the deposition before it was finished, and Thomas fired him immediately following that termination of the deposition. Thomas then filed a grievance with the Counsel for Discipline. In its decision of January 16, the Committee on Inquiry found that there was clear and convincing evidence that Nich had violated Neb. Ct. R. of Prof. Cond. §§ 3-501.6(a) and 3-503.3(a)(3), and Nich was "`strongly reprimanded.'"
The referee found that exhibits 1 and 2, which were offered and received into evidence without objection, were aggravating circumstances in this matter.
The referee issued his report and recommendation on December 21, 2009. In his report, the referee found that Nich had neglected legal matters entrusted to him by Jones and Budin and concluded that Nich had violated his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by Neb. Rev.Stat. § 7-104 (Reissue 2007) and had violated the following provisions of the Nebraska Rules of Professional Conduct: §§ 3-501.1, 3-501.3, 3-501.4, 3-501.16, 3-503.2, and 3-508.1. Furthermore, the referee stated that Nich had been a member of the bar since September 20, 2000, and had now faced discipline three times. The referee noted that he found Nich's conduct in count II particularly troubling, given the untruthful statements Nich made to his client, Budin, and to the Counsel for Discipline's office with regard to refunding Budin's retainer, stating that additional charges could have been brought for this conduct.
In reviewing the relevant case law, the referee concluded that this case was similar to State ex rel. Counsel for Dis. v. Wadman, 275 Neb. 357, 746 N.W.2d 681 (2008), and State ex rel. Counsel for Dis. v. Peters, 277 Neb. 343, 762 N.W.2d 294 (2009), where the attorneys had neglected multiple matters. In both those cases, this court imposed discipline of a 6-month suspension. Applying Wadman and Peters to the case at hand, the referee recommended that the Supreme Court suspend Nich from the practice of law for a period of 6 months. The referee further recommended that at such time that Nich regains his license to practice law, he should be put under a period of probation and strictly monitored by another licensed Nebraska attorney for a period of not less than 2 years following reinstatement. Neither party filed written exceptions to the referee's report. On December 31, 2009, the Counsel for Discipline filed a *643 motion for judgment on the pleadings. Nich did not file a response to this motion.

ANALYSIS
A proceeding to discipline an attorney is a trial de novo on the record. State ex rel. Counsel for Dis. v. Bouda, 278 Neb. 380, 770 N.W.2d 648 (2009). To sustain a charge in a disciplinary proceeding against an attorney, a charge must be supported by clear and convincing evidence. Id. Violation of a disciplinary rule concerning the practice of law is a ground for discipline. Id.
As noted, neither party filed any written exceptions to the referee's report. Pursuant to § 3-310(L), the Counsel for Discipline filed a motion for judgment on the pleadings. When no exceptions to the referee's findings of fact are filed by either party in an attorney discipline proceeding, the Nebraska Supreme Court may, in its discretion, consider the referee's findings final and conclusive. See State ex rel. Counsel for Dis. v. Bouda, supra. Based upon the undisputed findings of fact in the referee's report, which we consider to be final and conclusive, we conclude that the formal charges are supported by clear and convincing evidence. We specifically conclude that Nich has violated his oath of office as an attorney and the following provisions of the Nebraska Rules of Professional Conduct: §§ 3-501.1, 3-501.3, 3-501.4, 3-501.16, 3-503.2, and 3-508.1. Accordingly, we grant the Counsel for Discipline's motion for judgment on the pleadings.
We have stated that the basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. State ex rel. Counsel for Dis. v. Wickenkamp, 277 Neb. 16, 759 N.W.2d 492 (2009). Neb. Ct. R. § 3-304 provides that the following may be considered as discipline for attorney misconduct:
(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or
(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
(4) Censure and reprimand by the Court; or
(5) Temporary suspension by the Court; or
(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.
We have stated that each attorney discipline case must be evaluated individually in light of its particular facts and circumstances. State ex rel. Counsel for Dis. v. Wickenkamp, supra. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. Id. The determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding also requires the consideration of any aggravating or mitigating factors. Id. We have considered prior reprimands as aggravators. Id. Further, cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions. State ex rel. Counsel for Dis. v. Wintroub, 277 Neb. 787, 765 N.W.2d 482 (2009).
In this case, we have considered the referee's report and recommendation, the findings of which have been established by clear and convincing evidence, and the applicable law. The evidence in the present *644 case establishes, among other facts, that Nich repeatedly failed to effectively communicate with his clients and failed to make the proper court filings to progress his clients' cases. The record further shows that Nich was dishonest and misrepresented to Budin and the Counsel for Discipline information regarding his handling of the refunding of Budin's retainer.
As to mitigating factors, we note that Nich was experiencing personal problems prior to and at the time grievances against him were being investigated by the Counsel for Discipline and that he cooperated with the Counsel for Discipline during the disciplinary proceedings. However, as to aggravating factors, we note that the Counsel for Discipline provided evidence of two prior private reprimands, which indicate cumulative acts of misconduct and support a more severe sanction.
We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Based upon our consideration of the record in this case, this court finds that Nich should be and hereby is suspended from the practice of law for a period of 6 months, effective immediately. Nich shall comply with Neb. Ct. R. § 3-316 and, upon failure to do so, shall be subject to a punishment for contempt of this court. At the end of the 6-month suspension period, Nich may apply to be reinstated to the practice of law, provided that Nich has demonstrated his compliance with § 3-316 and further provided that the Counsel for Discipline has not notified this court that Nich has violated any disciplinary rule during his suspension. Upon reinstatement, Nich shall be placed on probation and supervised for a period of 2 years by another attorney admitted to the Nebraska bar. We also direct Nich to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and § 3-310(P) and Neb. Ct. R. § 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by this court.

CONCLUSION
The Counsel for Discipline's motion for judgment on the pleadings is sustained. We adopt the referee's findings of fact and conclude that Nich has violated the Nebraska Rules of Professional Conduct and his oath of office as an attorney.
It is the judgment of this court that Nich should be and hereby is suspended from the practice of law for 6 months, effective immediately, and that upon reinstatement to the bar, Nich shall be supervised for a period of 2 years by an attorney licensed to practice law in the State of Nebraska.
JUDGMENT OF SUSPENSION.