746 N.W.2d 378 (2008)
275 Neb. 401
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF The NEBRASKA SUPREME COURT, Relator,
v.
Mark D. KRATINA, Respondent.
No. S-07-578.
Supreme Court of Nebraska.
April 4, 2008.
*379 HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
On May 25, 2007, formal charges were filed by the office of the Counsel for Discipline, relator, against Mark D. Kratina, respondent. The formal charges included allegations that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule); DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice); and Canon 5, DR 5-103(B) (improperly advancing or guaranteeing financial assistance to client), as well as the following provisions of Neb. Ct. R. of Prof. Cond. (rev.2005): rules 1.8(e) (providing financial assistance to client), 8.4(a) (violating disciplinary rule), and 8.4(d) (engaging in conduct prejudicial to administration of justice). The formal charges also alleged that respondent violated his oath of office as an attorney, Neb.Rev.Stat. § 7-104 (Reissue 1997). Respondent's answer in effect disputed certain of the allegations.
A referee was appointed who heard evidence. The referee filed a report on December 28, 2007. With respect to the formal charges, the referee concluded that respondent's conduct had violated DR I-102(A)(1) and (5), DR 5-103(B), rule 1.8(e) and rule 8.4(a) and (d), and his oath as an attorney. The referee recommended that respondent be suspended from the practice of law for 60 days.
On January 7, 2008, respondent filed a motion for judgment on the pleadings, requesting that this court accept the referee's recommendation and enter judgment thereon. Also on January 7, relator filed its response to respondent's motion, in which relator indicated it did not object to the motion. We grant respondent's motion, and we impose discipline as indicated below.

FACTS
The referee's hearing was held on October 30, 2007. Respondent testified during *380 the hearing. A total of seven exhibits were admitted into evidence.
The substance of the referee's findings may be summarized as follows: Respondent was admitted to the practice of law in the State of Nebraska in 1976. He has practiced in Douglas County, Nebraska.
With regard to the allegations in the formal charges, the referee found that respondent represented Patricia Hill in a personal injury case arising out of a trip-and-fall accident in June 2004. As a result of her injury, Hill sustained a significant knee injury, and she became unemployed. She remained unemployed for the entire time period relevant to the present disciplinary proceeding.
The referee found that during the pendency of Hill's personal injury case, respondent made certain payments to or on behalf of Hill, including sums to pay for transportation and vehicle expenses, health insurance premiums, and rent. With regard to the transportation and vehicle expenses, the referee specifically found that respondent advanced sums to Hill to pay cabfare so that Hill could attend doctor's appointments to receive medical treatment related to her injury, to pay certain fines so that Hill could have her driver's license reinstated, to pay Hill's motor vehicle registration and licensing, to pay for repairs to Hill's vehicle, to pay for Hill's loan payment on her car, and to pay to redeem Hill's car from repossession. The referee found that the total amount respondent advanced to Hill exceeded $11,000.
In December 2006, Kratina was able to successfully settle Hill's personal injury case for the total amount of $125,000. Pursuant to his fee agreement with Hill, Kratina received as his fee one-third of the settlement proceeds, and he was also reimbursed for all costs and expenses he had paid to or on behalf of Hill during the pendency of the case.
In his report, the referee noted as mitigating factors respondent's cooperation during the disciplinary proceeding and the fact that respondent was not motivated by self-interest or personal gain in making the advancements to Hill. The referee also noted that Hill suffered no direct harm or loss as a result of respondent's actions. The referee noted as aggravating factors two prior reprimands respondent had received: On March 28, 1994, respondent received a private reprimand for the mishandling of certain funds. On January 5, 2001, respondent received a public reprimand as a result of an imbalance in his trust account; however, as part of that public reprimand it was stipulated that "`no misappropriations had been shown and the discrepancy in the account occurred due to mere negligence.'"
Based upon the evidence offered during the hearing, the referee found that certain of respondent's actions constituted a violation of the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1) and (5) and DR 5-103(B). The referee also found that certain of respondent's actions constituted a violation of rule 1.8(e) and rule 8.4(a) and (d) of the Nebraska Rules of Professional Conduct. Finally, the referee found that respondent's actions constituted a violation of respondent's oath of office as an attorney. With respect to the discipline to be imposed, the referee recommended that respondent be suspended from the practice of law for 60 days.
No exceptions were filed to the referee's report. On January 7, 2008, respondent filed a motion for judgment on the pleadings, in which respondent moved this court to enter judgment in conformity with the referee's report and recommendation. On January 7, relator filed a response to the motion, stating that "Relator does not object *381 to Respondent's [motion] that the Court enter judgment based upon the Referee's report and recommended sanction."

ANALYSIS
We note that certain of respondent's conduct at issue in this case occurred prior to the September 1, 2005, effective date of the Nebraska Rules of Professional Conduct and is, therefore, governed by the now-superseded Code of Professional Responsibility. We also note that certain of respondent's conduct at issue in this case occurred on or after September 1, 2005, and is therefore governed by the Nebraska Rules of Professional Conduct. We are guided by the principles previously announced in our prior decisions under the Code of Professional Responsibility. See State ex rel. Counsel for Dis. v. Dortch, 273 Neb. 667, 731 N.W.2d 594 (2007).
A proceeding to discipline an attorney is a trial de novo on the record. State ex rel. Counsel for Dis. v. Petersen, 272 Neb. 975, 725 N.W.Zd 845 (2007). To sustain a charge in a disciplinary proceeding against an attorney, a charge must be supported by clear and convincing evidence. Id. Violation of a disciplinary rule concerning the practice of law is a ground for discipline. Id.
As noted above, neither party filed written exceptions to the referee's report. Pursuant to Neb. Ct. R. of Discipline 10(L) (rev.2005), respondent filed a motion for judgment on the pleadings. When no exceptions to the referee's findings of fact are filed by either party in an attorney discipline proceeding, the Nebraska Supreme Court may, in its discretion, consider the referee's findings final and conclusive. State ex rel. Counsel for Dis. v. Wickenkamp, 272 Neb. 889, 725 N.W.2d 811 (2007).
Respondent is charged with advancing sums to his client for such things as transportation and vehicle expenses, insurance premiums, and rent. We note that the disciplinary rules were mandatory before September 1, 2005, that a lawyer "shall not advance or guarantee financial assistance to the client" in connection with contemplated or pending litigation. DR 5-103(B). The disciplinary rules remained mandatory on and after September 1, 2005, that a lawyer "shall not provide financial assistance to a client in connection with pending or contemplated litigation." Rule 1.8(e). Both rules provide exceptions for the advancement of litigation expenses, such as court costs. However, we conclude that neither rule permits an attorney to make advances to his or her client to pay for the transportation and vehicle-related expenses, health insurance premiums, and rent payments that were advanced in the instant case. Compare, Attorney Griev. Comm'n v. Eisenstein, 333 Md. 464, 635 A.2d 1327 (1994) (stating that rule 1.8(e) contains exceptions for court costs and litigation expense but not for humanitarian acts); Rubenstein v. Statewide Grievance Committee, 35 Conn. L. Rptr. 34 (2003) (discussing rule 1.8(e) and stating that lawyer must not advance money for rent even under threat of eviction).
Based upon the undisputed findings of fact in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence, and the motion for judgment on the pleadings is granted. Specifically, based upon the foregoing evidence, we conclude that by virtue of respondent's conduct occurring before September 1, 2005, respondent has violated the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1) and (5) and DR 5-103(B). We also conclude that by virtue of respondent's conduct occurring on or after September 1, 2005, respondent has violated *382 the following provisions of the Nebraska Rules of Professional Conduct: rule 1.8(e) and rule 8.4(a) and (d). Finally, we conclude that by virtue of respondent's conduct, respondent has violated his oath of office as an attorney, § 7-104.
We have stated that the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. State ex rel. Counsel for Dis. v. Dortch, 273 Neb. 667, 731 N.W.2d 594 (2007). Neb. Ct. R. of Discipline 4 (rev.2004) provides that the following may be considered as discipline for attorney misconduct:
(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or
(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
(4) Censure and reprimand by the Court; or
(5) Temporary suspension by the Court; or
(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.
See, also, rule 10(N).
With respect to the imposition of attorney discipline in an individual case, we have stated that each attorney discipline case must be evaluated individually in light of its particular facts and circumstances. State ex rel. Counsel for Dis. v. Dortch, supra. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. Id. The determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding also requires the consideration of any aggravating or mitigating factors. Id.
We have considered the referee's report and recommendation, the findings of which have been established by clear and convincing evidence, and the applicable law. Upon due consideration of the record, the court finds that respondent should be and hereby is suspended from the practice of law for a period of 60 days, effective immediately. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev.2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. At the end of the 60-day suspension period, respondent may apply to be reinstated to the practice of law, provided that respondent has demonstrated his compliance with rule 16, and further provided that relator has not notified this court that respondent has violated any disciplinary rule during his suspension.

CONCLUSION
We find by clear and convincing evidence that respondent violated DR 1-102(A)(1) and (5), DR 5-103(B), rule 1.8(e) and rule 8.4(a) and (d), and his oath as an attorney. It is the judgment of this court that respondent be suspended from the practice of law for a period of 60 days. Respondent shall comply with disciplinary rule 16, and upon failure to do so, he shall be subject to punishment for contempt of this court. Furthermore, respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 1997), disciplinary rule 10(P), and Neb. Ct. R. of Discipline 23 (rev.2001) within 60 days after an order imposing costs and expenses, if any, is entered by this court.
JUDGMENT OF SUSPENSION.