276 Neb. 158
STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR,
v.
ADRIENNE S. DAVIS, RESPONDENT.
No. S-07-640.
Supreme Court of Nebraska.
Filed July 18, 2008.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
On August 23, 2007, formal charges were filed by the office of the Counsel for Discipline, relator, against Adrienne S. Davis, respondent. The formal charges included allegations that respondent violated the following provisions of what are now codified as Neb. Ct. R. of Prof. Cond.: § 3-501.15(a) (maintaining trust account); § 3-501.15(b) (depositing lawyer's funds in trust account); § 3-501.15(d) (delivering trust account funds to client or third person); § 3-508.4(a) (violating disciplinary rule); and § 3-508.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The formal charges also alleged that respondent violated her oath of office as an attorney. See Neb. Rev. Stat. § 7-104 (Reissue 1997). Respondent's answer in effect disputed certain of the allegations.
A referee was appointed who heard evidence. The referee filed a report on April 15, 2008, in which the referee concluded, inter alia, that respondent's conduct had violated § 3-501.15(a), (b), and (d); § 3-508.4(a) and (c); and her oath as an attorney. In his report, the referee noted that as a result of the attorney misconduct that resulted in the present formal charges being filed against respondent, respondent had been temporarily suspended from the practice of law on July 11, 2007. The referee recommended that respondent remain indefinitely suspended from the practice of law with no possibility of reinstatement until July 11, 2008, such reinstatement to be followed by a 2-year period of monitored probation.
On April 30, 2008, respondent filed a motion for judgment on the pleadings, requesting that this court accept the referee's recommendation and enter judgment thereon. We grant respondent's motion, and we impose discipline as indicated below.

FACTS
The referee's hearing was held on March 6, 2008. Respondent testified during the hearing, along with three other witnesses. A total of 54 exhibits were admitted into evidence.
The substance of the referee's findings may be summarized as follows: Respondent was admitted to the practice of law in the State of Nebraska in 2001. She has practiced in Lancaster County, Nebraska.
With regard to the allegations in the formal charges, in summary, the referee found that during the period from September 2006 to February 2007, respondent had used her attorney trust account as both a business account and a personal checking account and had failed to promptly deliver trust account funds to a client's health care provider.
In his report, the referee set forth several mitigating factors. The referee noted that respondent suffered from depression and anxiety and that she was an alcoholic. The referee found that respondent had received inpatient treatment for her alcoholism and regularly attended Alcoholics Anonymous meetings. The referee found that on May 10, 2007, respondent had entered into a monitoring contract with the Nebraska Lawyers Assistance Program (NLAP). In the contract, respondent agreed to abstain from alcohol, to submit to random drug testing, and to submit to an attorney monitor. The referee found that respondent was currently seeing a mental health counselor and was taking antidepressant medication. The referee also noted that respondent had had no prior disciplinary proceedings and that numerous attorneys had written letters of recommendation reflecting that respondent had a good reputation among her colleagues. The referee further noted that respondent had cooperated with relator during the disciplinary proceeding. The referee did not note any aggravating factors.
Based upon the evidence offered during the hearing, the referee found that certain of respondent's actions constituted a violation of the following provisions of the Nebraska Rules of Professional Conduct: §§ 3-501.15(a), (b), and (d) and 3-508.4(a) and (c). The referee also found that respondent's actions constituted a violation of respondent's oath of office as an attorney. With respect to the discipline to be imposed, the referee recommended that respondent remain indefinitely suspended from the practice of law with no possibility of reinstatement until July 11, 2008, such reinstatement to be followed by a 2-year period of monitored probation.
No exceptions were filed to the referee's report. On April 30, 2008, respondent filed a motion for judgment on the pleadings, in which respondent moved this court to enter judgment in conformity with the referee's report and recommendation.

ANALYSIS
We note that all of respondent's conduct at issue in this case occurred on or after September 1, 2005, and is therefore governed by the Nebraska Rules of Professional Conduct. We are guided by the principles previously announced in our prior decisions under the Code of Professional Responsibility. See State ex rel. Counsel for Dis. v. Dortch, 273 Neb. 667, 731 N.W.2d 594 (2007).
A proceeding to discipline an attorney is a trial de novo on the record. State ex rel. Counsel for Dis. v. Wadman, 275 Neb. 357, 746 N.W.2d 681 (2008). To sustain a charge in a disciplinary proceeding against an attorney, a charge must be supported by clear and convincing evidence. Id. Violation of a disciplinary rule concerning the practice of law is a ground for discipline. Id.
As noted above, neither party filed written exceptions to the referee's report. Pursuant to Neb. Ct. R. § 3-310(L), respondent filed a motion for judgment on the pleadings. When no exceptions to the referee's findings of fact are filed by either party in an attorney discipline proceeding, the Nebraska Supreme Court may, in its discretion, consider the referee's findings final and conclusive. State ex rel. Counsel for Dis. v. Kratina, 275 Neb. 401, 746 N.W.2d 378 (2008).
Based upon the undisputed findings of fact in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence, and the motion for judgment on the pleadings is granted. Specifically, based upon the foregoing evidence, we conclude that respondent has violated the following provisions of the Nebraska Rules of Professional Conduct: §§ 3-501.15(a), (b), and (d) and 3-508.4(a) and (c). Finally, we conclude that by virtue of respondent's conduct, respondent has violated her oath of office as an attorney. See § 7-104.
We have stated that the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. State ex rel. Counsel for Dis. v. Wadman, supra. Neb. Ct. R. § 3-304 provides that the following may be considered as discipline for attorney misconduct:
(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or
(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
(4) Censure and reprimand by the Court; or
(5) Temporary suspension by the Court; or
(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.
See, also, § 3-310(N).
With respect to the imposition of attorney discipline in an individual case, we have stated that each attorney discipline case must be evaluated individually in light of its particular facts and circumstances. State ex rel. Counsel for Dis. v. Wadman, supra. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. Id. The determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding also requires the consideration of any aggravating or mitigating factors. Id.
We have considered the referee's report and recommendation, the findings of which have been established by clear and convincing evidence, and the applicable law. Upon due consideration of the record, the court finds that respondent should be suspended from the practice of law for a period of 1 year and that the suspension should be retroactive to the date of respondent's temporary suspension from the practice of law on July 11, 2007. In the event respondent seeks reinstatement, she will be required to show compliance with her NLAP contract and compliance with any outpatient treatment plan relating to alcohol addiction or depression. Further, in the event respondent is reinstated, she will be required to submit to a 2-year probation plan, for the approval of this court, which plan will include continued compliance with her NLAP contract, compliance with any outpatient plan relating to alcohol addiction or depression, monitoring of her practice and trust account management by a practicing attorney approved by relator, and monitoring of her compliance with the Nebraska Rules of Professional Conduct by NLAP and relator.

CONCLUSION
We find by clear and convincing evidence that respondent violated the following provisions of the Nebraska Rules of Professional Conduct: §§ 3-501.15(a), (b), and (d) and 3-508.4(a) and (c), as well as her oath as an attorney. It is the judgment of this court that respondent should be and hereby is suspended from the practice of law for a period of 1 year, with such suspension retroactive to July 11, 2007. In the event respondent seeks reinstatement following her suspension, her reinstatement will be subject to the terms set forth above. Respondent shall demonstrate compliance with Neb. Ct. R. § 3-316, and upon failure to do so, she shall be subject to punishment for contempt of this court. Furthermore, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997), and § 3-310(P) and Neb. Ct. R. § 3-323 within 60 days after an order imposing costs and expenses, if any, is entered by this court.
JUDGMENT OF SUSPENSION.