770 N.W.2d 648 (2009)
278 Neb. 380
STATE of Nebraska ex rel. Counsel for Discipline of the Nebraska Supreme Court, relator,
v.
William Paul BOUDA II, respondent.
No. S-08-1204.
Supreme Court of Nebraska.
August 21, 2009.
*649 HEAVICAN, C.J., and WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
On November 18, 2008, formal charges containing one count were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent, William Paul Bouda II. Respondent filed an answer to the charges on February 17, 2009. A referee was appointed on February 25. On April 1, the referee's hearing was held on the charges. Respondent, who was represented by counsel, appeared and testified. Exhibits were admitted into evidence.
*650 The referee filed a report on May 5, 2009. With respect to the charges, the referee concluded that respondent's conduct had breached the following provisions of the Nebraska Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. § 3-501.1 (competence), § 3-501.2 (scope of representation and allocation of authority between client and lawyer), § 3-501.3 (diligence), § 3-501.4 (communications), § 3-503.3 (candor toward tribunal), and § 3-508.4 (misconduct). The referee further found that respondent had violated his oath of office as an attorney licensed to practice law in the State of Nebraska. See Neb.Rev.Stat. § 7-104 (Reissue 2007). With respect to the discipline to be imposed, the referee recommended a 3-month suspension. Neither relator nor respondent filed exceptions to the referee's report. Relator filed a motion for judgment on the pleadings under Neb. Ct. R. § 3-310(L). We grant the motion for judgment on the pleadings and impose discipline as indicated below.

FACTS
Respondent was admitted to the practice of law in the State of Nebraska on May 26, 1999. At all times relevant to these proceedings, he has practiced in Omaha, Nebraska.
The substance of the referee's findings may be summarized as follows: The respondent was involved in the private practice of law from 1999 until 2007, with the dominant focus of his practice being insurance defense litigation for "AAA Motor Club" (AAA). As of August 1, 2007, respondent left the private sector and entered employment at Catholic Mutual Group. Upon leaving his private practice, respondent made arrangements to turn over the majority of his AAA defense files to an attorney with Fitzgerald, Schorr, Barmettler & Brennan. However, respondent retained three files involving rear-end collisions that he believed warranted settlement. In one of the files respondent retained, he was defending AAA and Tykeisha Tucker in a suit filed by Jason Olsen in the district court for Douglas County. Olsen was represented by attorney Leonard Shefren.
At the referee's hearing, respondent testified that he had received notice that the case involving Tucker was set for trial on April 7, 2008. Respondent stated that he had decided that the case should be settled because Tucker would not make a good witness and Tucker had no valid defense. Respondent admitted that he did not try to contact Tucker as the trial was approaching. Respondent claimed that he did send e-mails to Melissa Corbett, his contact person at AAA, about the need to settle the case, but that he could not produce the e-mails because they were lost due to a computer virus.
Respondent admitted that he never contacted anyone at AAA to address the settlement of the suit and that although he believed he discussed the issue of potentially settling the case with Olsen's counsel, Shefren, respondent acknowledged that he talked to Shefren "barely at all until after the trial date." At the hearing, respondent admitted that he did not file a motion to continue the case.
Respondent's testimony at the referee's hearing showed that respondent was not prepared to go to trial and that he did not have the authority to settle the case. Nevertheless, on April 7, 2008, respondent represented to both Shefren and the district court that respondent had the authority to settle the case. Further, after April 7, respondent continued to inaccurately represent to Shefren that he had the authority to settle the case. On June 2, respondent approved a document as to both its form and content entitled "Joint Stipulation," *651 which document reiterated respondent's multiple false statements made to Shefren and the district court. Respondent continued to misstate the status of the litigation against Tucker in a June 5 e-mail sent to Gina Smith-Gallant, a claims attorney for AAA.
At the hearing, the Counsel for Discipline indicated that at all times relevant to this case, respondent had fully cooperated with the Counsel for Discipline.
In his report filed May 5, 2009, the referee specifically found by clear and convincing evidence that respondent had violated the disciplinary rules recited above, as well as his oath of office as an attorney. The referee also found certain mitigating factors were present. These included that respondent did not have a prior record of misconduct, that respondent was experiencing difficulties in his marriage at the time of his infractions, and that respondent cooperated with the Counsel for Discipline during the course of the disciplinary proceedings.
With respect to the sanction to be imposed for the foregoing actions, and considering the mitigating factors, the referee recommended a 3-month suspension.

ANALYSIS
In view of the fact that neither party filed written exceptions to the referee's report, relator filed a motion for judgment on the pleadings under § 3-310(L). When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. See State ex rel. Counsel for Dis. v. Davis, 276 Neb. 158, 760 N.W.2d 928 (2008). Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude that the formal charges are supported by clear and convincing evidence, and the motion for judgment on the pleadings is granted.
A proceeding to discipline an attorney is a trial de novo on the record. Id. To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. Id. Violation of a disciplinary rule concerning the practice of law is a ground for discipline. Id.
Based on the record and the undisputed findings of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated §§ 3-501.1, 3-501.2, 3-501.3, 3-501.4, 3-503.3, and 3-508.4. The record also supports a finding by clear and convincing evidence that respondent violated his oath of office as an attorney, and we find that respondent has violated said oath.
We have stated that the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. State ex rel. Counsel for Dis. v. Wickenkamp, 277 Neb. 16, 759 N.W.2d 492 (2009). Neb. Ct. R. § 3-304 provides that the following may be considered as discipline for attorney misconduct:
(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or
(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
(4) Censure and reprimand by the Court; or
(5) Temporary suspension by the Court; or
(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

*652 (B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.
See, also, § 3-310(N).
With respect to the imposition of attorney discipline in an individual case, we evaluate each attorney discipline case in light of its particular facts and circumstances. State ex rel. Counsel for Dis. v. Wickenkamp, supra. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. Id.
To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. Id.
We have noted that the determination of an appropriate discipline to be imposed on an attorney requires consideration of any mitigating factors. See State ex rel. Counsel for Dis. v. Fellman, 267 Neb. 838, 678 N.W.2d 491 (2004).
The evidence in the present case establishes, among other facts, that respondent made repeated misrepresentations of facts to opposing counsel and the district court concerning his authority to settle a case and failed to effectively communicate with his clients. As mitigating factors, we note, as did the referee, that respondent has not been subject to prior discipline, that he was experiencing personal problems during the pendency of this action, and that he fully cooperated with the Counsel for Discipline during the disciplinary proceedings.
We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court finds that respondent should be suspended for 3 months.

CONCLUSION
The motion for judgment on the pleadings is granted. It is the judgment of this court that respondent should be and is hereby suspended from the practice of law for a period of 3 months, effective immediately, after which period respondent may apply for reinstatement to the bar. Respondent shall comply with Neb. Ct. R. § 3-316, and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and § 3-310(P) and Neb. Ct. R. § 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF SUSPENSION.
STEPHAN, J., not participating.