775 N.W.2d 192 (2009)
278 Neb. 899
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, relator,
v.
Bryan E. SMITH, Jr., respondent.
No. S-08-1333.
Supreme Court of Nebraska.
November 13, 2009.
*193 John W. Steele, Assistant Counsel for Discipline, for relator.
No appearance for respondent.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.
Relator, the Counsel for Discipline, filed formal charges against respondent, Bryan E. Smith, Jr. Smith was admitted to the practice of law in Nebraska on April 23, 2001. After Smith failed to file an answer to the formal charges, we sustained the Counsel for Discipline's motion for judgment on the pleadings and now determine the appropriate sanction.

*194 FACTS
In December 2007, Smith met with Henry Johnson regarding Johnson's desire to modify a child custody order entered in Ida County, Iowa. At that meeting, Johnson and Smith signed a fee agreement that provided Johnson was to pay Smith a $500 retainer and then $200 per month starting in February 2008 until $1,500 was paid. Johnson paid Smith the $500 retainer at the meeting. Though not contained in the fee agreement, Johnson understood that Smith would commence working on the case immediately. Smith claims that he advised Johnson that he normally does not start work on a case until at least one-half of the fee was paid. Johnson disagrees. At the meeting, Smith also explained that he would first have to register the Iowa custody order in Nebraska before a court could modify it.
According to Smith, he did not commence working on Johnson's case until January 3, 2008, because of the intervening holidays, but he did start before one-half of the fee was paid. Smith stated that he ordered a copy of the custody order he sought to have registered in Nebraska. He also claims to have drafted the "`modification documents and prepared them to file'" while he was awaiting receipt of the order from the Iowa court. But, the documents Smith provided to the Counsel for Discipline do not conform to the requirements of the Uniform Child Custody Jurisdiction and Enforcement Act.
In late January 2008, Johnson called Smith about the case. Smith explained that he had some difficulties in obtaining the order from the Iowa court. This was the last time Johnson spoke to Smith. On February 7, Smith sent a letter to Johnson furnishing him with a copy of the fee agreement. In the letter, he reminded Johnson that the $200 monthly payments were to begin on February 1. Sometime in February, Johnson paid an additional $200.
Smith received a copy of the Iowa order on February 11, 2008, but he never registered it with a Nebraska court, nor did he file an application to modify the decree in Nebraska. Johnson made periodic attempts to contact Smith but was never able to speak with him. Concerned with the apparent lack of progress and his inability to get any information from Smith, Johnson wrote to Smith on April 23, expressing his concern. Smith did not answer. Because of Smith's lack of communication, Johnson terminated Smith's representation on May 6, and requested a refund. Smith has offered to repay the fees requested, but has not yet refunded any of the fees. The above facts were taken from the formal charges.
Johnson filed a grievance with the Counsel for Discipline. The Counsel for Discipline forwarded the grievance to Smith along with a letter advising him that he was required to file an appropriate written response within 15 business days. After two reminder letters, Smith filed a written response. In September 2008, after obtaining additional information from Johnson, the Counsel for Discipline sent a complaint to the Committee on Inquiry of the Third Disciplinary District. The committee determined that there were reasonable grounds for discipline and that the public interest would be served by filing formal charges.
Counsel for Discipline filed formal charges on December 29, 2008. The formal charges allege that Smith's behavior in representing Johnson violated the following provisions of the Nebraska Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (duty to provide competent representation), 3-501.3 (duty to act with reasonable diligence), 3-501.4 (duty to properly communicate with client), and 3-501.16 *195 (duty to protect client's interests when terminating representation), and his oath of office as an attorney under Neb. Rev. Stat. § 7-104 (Reissue 2007). The Counsel for Discipline sent a copy of the formal charges and a summons to Smith at his last-known office address. The envelope was returned to the Counsel for Discipline unclaimed. The Counsel for Discipline then re-sent the information to Smith at his last-known home address. The return receipt appears to have been signed by Smith.
As of March 10, 2009, Smith had not filed an answer or responded to the formal charges. Accordingly, the Counsel for Discipline filed a motion for judgment on the pleadings. We sustained that motion on April 10. The sole issue before us is the appropriate sanction.

ANALYSIS
To determine whether and to what extent discipline should be imposed in Smith's discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of Smith generally, and (6) Smith's present or future fitness to continue in the practice of law.[1] Each case justifying discipline of an attorney must be evaluated individually under the particular facts and circumstances of that case.[2]
In imposing the appropriate discipline, we consider any aggravating or mitigating factors.[3] We have considered prior reprimands as aggravators.[4] We also consider the attorney's acts both underlying the events of the case and throughout the proceeding.[5] We consider an attorney's failure to respond to inquiries and requests for information from the Counsel for Discipline as an important matter and as a threat to the credibility of attorney disciplinary proceedings.[6]
Because Smith neither responded to the Counsel for Discipline regarding Johnson's grievance nor filed a pleading, we have no basis for considering any factors that mitigate in Smith's favor. Furthermore, this behavior indicates disrespect for our disciplinary jurisdiction and a lack of concern for the protection of the public, the profession, and the administration of justice.[7] Considering that Smith has previously been privately reprimanded for similar neglect and that he has failed to communicate with the Counsel for Discipline in a timely or meaningful fashion, we conclude that a 6-month suspension from the practice of law is necessary to protect the public and maintain the reputation of the bar. We also order Smith to return any fees collected from Johnson.

CONCLUSION
It is the judgment of this court that Smith should be suspended from the practice of law for 6 months, effective immediately, after which period he may apply for reinstatement to the bar, provided that he has returned all fees to Johnson. Smith shall comply with Neb. Ct. R. § 3-316, and *196 upon failure to do so, he shall be subject to punishment for contempt of this court. Smith is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2007) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF SUSPENSION.
NOTES
[1] See State ex rel. Counsel for Dis. v. Bouda, 278 Neb. 380, 770 N.W.2d 648 (2009).
[2] See id.
[3] See id. See, also, State ex rel. Counsel for Dis. v. Wickenkamp, 272 Neb. 889, 725 N.W.2d 811 (2007).
[4] Wickenkamp, supra note 3.
[5] See Bouda, supra note 1.
[6] See State ex rel. NSBA v. Rothery, 260 Neb. 762, 619 N.W.2d 590 (2000).
[7] See id.