783 N.W.2d 790 (2010)
280 Neb. 82
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, relator,
v.
William D. GILNER, respondent.
No. S-06-963.
Supreme Court of Nebraska.
June 25, 2010.
*791 Kent L. Frobish, Assistant Counsel for Discipline, for relator.
Amy Sherman Geren for respondent.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
On September 1, 2006, the chairperson of the Committee on Inquiry of the Second Disciplinary District of the Nebraska State Bar Association filed an application to temporarily suspend William D. Gilner, respondent, until final disposition of the pending disciplinary proceedings. This court granted the application on September 27 and suspended respondent's license to practice law until further order of the court.
On March 9, 2007, the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, filed formal charges against respondent. The matter was referred to a referee, and a hearing was held on July 11. The referee filed a report and recommendation on September 10. In the referee's report, with respect to the formal charges, the referee concluded that respondent's conduct had violated the following provisions of the Nebraska Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. §§ 3-501.1 (competence), 3-501.2 (scope of representation and allocation of authority between client and lawyer), 3-501.3 (diligence), 3-501.4 (communications), and 3-508.4 (misconduct). The referee recommended that respondent be suspended from the practice of law for a period of 2 years and that upon reinstatement, respondent should be placed on a period of probation and strictly monitored by another licensed Nebraska attorney for not less than 2 years.
No objections to the referee's report were filed. On September 26, 2007, this court accepted the findings of fact as set forth in the report of the referee and set the matter for oral argument limited to the issue of discipline. This court heard oral argument as to the appropriate discipline on March 5, 2008.
After hearing argument on March 5, 2008, this court entered an order staying the matter and referred the matter as one possibly involving a disability to the Counsel for Discipline for consideration under what is now codified as Neb. Ct. R. § 3-311. On May 22, this court granted the application of the Committee on Inquiry of the Second Disciplinary District and ordered that respondent be placed on disability status pursuant to § 3-311(D). The court further ordered that all pending proceedings in this case should be held in abeyance until further order of this court.
On March 10, 2010, this court removed respondent's disability status and removed the stay on the proceedings. Both parties filed briefs regarding appropriate discipline to be imposed. Respondent seeks to be reinstated. On May 5, this court determined no further oral argument was needed.

*792 FACTS
The referee's hearing in this case was held on July 11, 2007. Respondent did not appear at the hearing, nor did any attorney appear on behalf of respondent. Instead, respondent faxed a letter to the referee the day before the hearing, which letter was included as part of the record as exhibit 12. A total of 12 exhibits were admitted into evidence at the hearing. Relator called no witnesses. At the request of respondent after the hearing, two additional letters of reference were received by the referee and marked as exhibits 13 and 14. Each was written by a trial judge familiar with respondent's work and favorable to respondent.
The substance of the referee's findings may be summarized as follows: Respondent was licensed to practice law in the State of Nebraska in early 2001. At all times relevant, respondent was engaged in the private practice of law and was associated with the Omaha law firm of Nolan, Olson, Hansen, Lautenbaugh & Buckley, LLP (Nolan, Olson).
The allegations that formed the basis for count I of the formal charges filed by the relator are as follows: On June 28, 2006, the office of the Counsel for Discipline received a letter dated June 22, 2006, from attorney Melvin C. Hansen of the Nolan, Olson law firm. In the letter, Hansen stated that respondent had represented Reliaster Life Insurance Co. (Reliaster), a defendant in a case pending in the U.S. District Court for the District of Nebraska. Through negotiations, the parties reached a settlement agreement in 2005, whereby Reliaster would pay the plaintiff the sum of $110,000. The parties notified the court of the settlement but failed to reduce the settlement agreement to a written stipulation to be filed with the court. Eventually, on February 1, 2006, the court entered an order directing that the settlement be paid by February 6, or Reliaster would be required to pay $250 per day to the plaintiff until the settlement was paid. Respondent failed to inform his client of this order.
On March 16, 2006, the plaintiff filed a motion to enforce the settlement agreement and the court's order of February 1. Respondent again failed to inform his client of this motion. On May 11, the court entered a judgment against Reliaster and in favor of the plaintiff. Respondent did not inform his client of this judgment. Reliaster learned of the judgment for the first time on May 23. Reliaster paid the $110,000 judgment on or about June 2. The sanction that had accrued amounted to $34,130.50; Reliaster paid the sanction. Respondent's employment with the Nolan, Olson law firm was terminated on June 16.
The allegations that formed the basis for count II of the formal charges are as follows: On August 8, 2006, the office of the Counsel for Discipline received a second letter, dated July 18, 2006, from attorney Hansen which again pertained to respondent. In that letter, Hansen alleged that respondent had represented a client in a workers' compensation case that went to trial on August 25, 2005. On December 2, an award was filed by the compensation court. Respondent timely filed an appeal on December 16. However, respondent had not informed his client that an award had been entered and did not have the client's consent to file the appeal. On March 24, 2006, respondent sent a letter informing his client that the Workers' Compensation Court had entered its order on March 20, rather than the correct date of December 2, 2005. Respondent included with his letter a purported copy of the award in which the date had been altered to reflect March 20. Respondent did not file a brief and did not appear at the appeal, which was held on April 24.
*793 The formal charges also contained a third count. However, this count was dismissed at the hearing conducted by the referee on July 11, 2007.
Based upon the evidence offered during the hearing, the referee found by clear and convincing evidence that respondent's actions constituted a violation of the following provisions of the Nebraska Rules of Professional Conduct: §§ 3-501.1, 3-501.2, 3-501.3, 3-501.4, and 3-508.4.
In addressing what discipline should be imposed upon respondent, the referee noted that respondent did not appear at the hearing and that the referee was therefore unable to find any mitigating factors. The referee noted that he found this disconcerting as he was unable to ascertain whether these were two isolated incidents or "a character flaw or defect that is likely to occur in the future." However, because both relator and respondent agreed that suspension would be a suitable discipline, the referee recommended a 2-year suspension as the appropriate discipline. The referee further recommended that when respondent regains his license to practice law, he should be put under a period of probation and strictly monitored by another licensed Nebraska attorney for not less than 2 years. Neither party filed exceptions to the referee's report and recommendation.

ANALYSIS
When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. See State ex rel. Counsel for Dis. v. Davis, 276 Neb. 158, 760 N.W.2d 928 (2008). This court entered an order in which we determined that the findings of fact set forth in the referee's report were deemed established and that therefore, the sole remaining issue before this court was the nature and extent of discipline. A proceeding to discipline an attorney is a trial de novo on the record. Id. To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. Id. Violation of a disciplinary rule concerning the practice of law is a ground for discipline. Id.
Based on the record and the findings of fact of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated §§ 3-501.1, 3-501.2, 3-501.3, 3-501.4, and 3-508.4. The record also supports a finding by clear and convincing evidence that respondent violated his oath of office as an attorney, and we find that respondent has violated said oath.
We have stated that the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. State ex rel. Counsel for Dis. v. Bouda, 278 Neb. 380, 770 N.W.2d 648 (2009). Neb. Ct. R. § 3-304 provides that the following may be considered as discipline for attorney misconduct:
(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or
(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
(4) Censure and reprimand by the Court; or
(5) Temporary suspension by the Court; or
(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

*794 (B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.
See, also, Neb. Ct. R. § 3-310(N).
With respect to the imposition of attorney discipline in an individual case, we evaluate each attorney discipline case in light of its particular facts and circumstances. State ex rel. Counsel for Dis. v. Bouda, supra. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. Id.
To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. Id.
The evidence in the present case establishes, among other facts, that respondent neglected legal matters entrusted to him by his client, that respondent engaged in conduct which resulted in his client's incurring $34,130.50 in sanctions, and that respondent was dishonest when he apparently altered the date of an order issued by the Workers' Compensation Court.
We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court concludes that respondent should be suspended for 2 years dating back to the date of his temporary suspension, September 27, 2006. The court further concludes that upon reinstatement, respondent shall be on probation for a period of 2 years under the supervision of another attorney licensed in the State of Nebraska. Accordingly, because respondent satisfied his discipline of a 2-year suspension as of September 27, 2008, we prospectively grant his application for reinstatement, upon the condition that he pay the costs associated with these proceedings. Upon reinstatement, respondent shall be placed under the supervision of attorney Amy Sherman Geren for a period of 2 years.

CONCLUSION
It is the judgment of this court that respondent should be and is hereby suspended from the practice of law for a period of 2 years retroactive from the date respondent was temporarily suspended, September 27, 2006. Respondent satisfied his discipline of a 2-year suspension as of September 27, 2008. We direct respondent to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007), § 3-310(P), and Neb. Ct. R. § 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by this court. Upon payment of his costs owed in association with these proceedings, respondent is prospectively reinstated to the practice of law. Upon reinstatement, respondent shall be under the supervision of Geren for a period of 2 years.
JUDGMENT OF SUSPENSION.