Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:10 PM CST

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, relator, v.
RODNEY A. HALSTEAD, respondent.

___ N.W.2d ___

Filed November 3, 2017.    No. S-16-774.

1. **Disciplinary Proceedings: Appeal and Error.** Because attorney discipline cases are original proceedings before the Nebraska Supreme Court, the court reviews a referee's recommendations de novo on the record, reaching a conclusion independent of the referee's findings.
2. **Disciplinary Proceedings.** To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.
3. ____. The propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.
4. ____. Cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions.

Original action. Judgment of suspension.

Julie L. Agena, Assistant Counsel for Discipline, for relator.

Thomas J. Anderson, P.C., L.L.O., for respondent.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

Per Curiam.

## INTRODUCTION

This is an attorney discipline case in which the only question before this court is the appropriate sanction. Rodney A. Halstead admitted to authoring and filing annual guardianship reports containing false statements over a period of 6 years. The referee recommended that Halstead be suspended from the practice of law for 1 year with other conditions set forth in more detail below. Because this is a serious offense which was repeated year after year, we adopt the referee's recommendation and enter a judgment of suspension.

## BACKGROUND

Halstead was admitted to the practice of law in the State of Nebraska on September 25, 1991. At all relevant times, he was engaged in the practice of law in Omaha, Nebraska.

### Grounds for Attorney Discipline

In August 2009, Halstead was appointed permanent guardian of an incapacitated adult (the ward). He was required to file annual reports on the condition of the ward and, among other items, list the ward's current address and indicate how many times and on what dates he saw the ward in the past year.[1] Halstead filed these mandatory reports with the county court for 6 consecutive years, 2010 through 2015.

However, each report contained information which Halstead knew to be false. In annual reports filed in 2010 and 2011, Halstead handwrote virtually identical responses: "I have seen [the ward] about once a month [and] check via phone more often." Then, in 2012, his typical response changed and he handwrote, "I have been kept updated mostly by telephone." Halstead handwrote this same response in his 2013 and 2014 report. Finally, in his 2015 report, Halstead replied in shorthand and handwrote, "updated by telephone." In fact, Halstead had not visited the ward or spoken to anyone at the ward's

---

[1] See Neb. Rev. Stat. § 30-2628(a)(6) (Reissue 2016).

- 151 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
298 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. HALSTEAD
Cite as 298 Neb. 149

assisted living facility since 2009. If he had, he would have learned that the ward had moved out of the assisted living facility in 2011. Halstead learned of the ward's actual whereabouts only after a court-appointed visitor found the ward at another address and reported Halstead's neglect to the court.

## FORMAL CHARGES

On August 15, 2016, Counsel for Discipline of the Nebraska Supreme Court filed formal charges against Halstead, alleging that he violated his oath of office as an attorney and Neb. Ct. R. of Prof. Cond. §§ 3-501.1, 3-501.3, 3-501.4(a)(2), 3-503.3(a)(1) and (a)(3), and 3-508.4(a) and (c). Halstead admitted to these allegations in his answer, and we sustained Counsel for Discipline's motion for judgment on the pleadings limited to the facts. We then appointed a referee for the taking of evidence limited to the appropriate discipline.

## REFEREE'S REPORT

After an evidentiary hearing, the referee reported his findings of fact and recommendations for the appropriate sanction. The report indicated that Halstead understood the seriousness of his misconduct. Specifically, it stated that Halstead was "direct and not evasive," that he "appeared genuinely uncomfortable and remorseful," and that it "appeared that his guilt and regret were sincere." It further stated that Halstead admitted to authoring and filing false reports year after year, but that he denied deliberately trying to mislead the court. Instead, Halstead maintained, "I believed that I was reporting his current condition as I knew it at the time." The referee concluded that Halstead was not deliberately misleading the court for the purpose of covering up anything, but noted, "[H]is very lack of purpose is what is most troubling about the repeated neglect and the repeated false filings."

The referee found that Halstead's repeated violation of the Rules of Professional Conduct in the same way over an extended period of time was a strongly aggravating factor. This factor was made worse by the mandatory annual reporting requirements.

The referee also identified certain mitigating factors. Such factors included the fact that Halstead was fully cooperative with Counsel for Discipline, that Halstead had no prior disciplinary issues, that Halstead's actions did not result in harm to the ward, that Halstead had an extensive community service record, and that Halstead understood the gravity of his offense and was sincerely remorseful. Halstead offered 22 letters in support from other attorneys in the community. However, the referee gave no weight to these letters, because none of the writers were aware of the actual charges against Halstead or otherwise explained what may have been the cause of the neglect or the false reporting.

With respect to the sanctions to be imposed, and giving weight to these aggravating and mitigating factors, the referee recommended that Halstead be suspended from the practice of law for 1 year. He also recommended that prior to readmission, Halstead be required to satisfactorily complete continuing legal education credits in legal ethics and office management. Finally, the referee recommended a period of supervision upon Halstead's readmission and a prohibition on accepting guardianship or conservatorship appointments for a period of time.

## ASSIGNMENT OF ERROR

Halstead takes exception to the referee's recommended sanction but does not challenge the truth of the referee's findings. Therefore, the only question before this court is the appropriate discipline.

## STANDARD OF REVIEW

[1] Because attorney discipline cases are original proceedings before this court, we review a referee's recommendations de novo on the record, reaching a conclusion independent of the referee's findings.[2]

---

[2] *State ex rel. Counsel for Dis. v. Gast*, 296 Neb. 687, 896 N.W.2d 583 (2017).

- 153 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HALSTEAD
Cite as 298 Neb. 149

## ANALYSIS

[2] To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.[3] The first four factors call for a serious sanction in response to Halstead's actions and inactions, and they are important considerations in assessing the last two factors.

Halstead violated several disciplinary rules, including a rule which describes the special duties of attorneys in their role as officers of the court to protect the integrity of the adjudicative process.[4] This rule sets forth a duty of candor such that "[a] lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."[5] Violation of this rule is a serious offense, and repeated violation indicates indifference to an attorney's important legal obligations and fitness for the practice of law.[6]

[3] In addition to the above six factors, the propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.[7] The referee relied upon prior cases in which the attorney misconduct involved filing an affidavit in court containing allegations known to be false,[8] lying to a court and to the Department of Veterans Affairs to aid a

---

[3] *Id.*

[4] See § 3-503.3, comment 2.

[5] § 3-503.3(a).

[6] See § 3-508.4, comment 2.

[7] See *State ex rel. Counsel for Dis. v. Gast, supra* note 2.

[8] See *State ex rel. NSBA v. Zakrzewski*, 252 Neb. 40, 560 N.W.2d 150 (1997).

client,[9] notarizing and filing documents without being in the presence of the signer,[10] knowingly filing a false easement,[11] and neglecting a client's case and altering a court document.[12] The sanctions in those cases all involved periods of suspension ranging from 1 to 2 years.

[4] Conversely, Halstead argues that cases resulting in public reprimand are more appropriate for comparison to his misconduct. He cites to cases in which the attorney misconduct involved simultaneously representing two clients who had conflicting and adverse interests in the same or similar transaction[13] and failing to timely manage and resolve probate matters.[14] However, these cases did not involve a violation of the duty of candor to a tribunal. Furthermore, these cases each involved isolated incidents of attorney misconduct whereas Halstead's misconduct included repeat violations over 6 years. And cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions.[15] As a result, we do not agree that these cases are comparable.

The referee relied on appropriate cases for the purpose of determining a proportionate sanction for Halstead's offense. The serious nature of the offense and the fact that it was repeated year after year with no explanation suggests that Halstead is indifferent to the special duties he owes the court

---

[9] See *State ex rel. NSBA v. Scott*, 252 Neb. 698, 564 N.W.2d 588 (1997).

[10] See *State ex rel. Counsel for Dis. v. Mills*, 267 Neb. 57, 671 N.W.2d 765 (2003).

[11] See *State ex rel. Counsel for Dis. v. Rokahr*, 267 Neb. 436, 675 N.W.2d 117 (2004).

[12] See *State ex rel. Counsel for Dis. v. Gilner*, 280 Neb. 82, 783 N.W.2d 790 (2010).

[13] See *State ex rel. Counsel for Dis. v. Peppard*, 291 Neb. 948, 869 N.W.2d 700 (2015).

[14] See *State ex rel. Counsel for Dis. v. Connor*, 289 Neb. 660, 856 N.W.2d 570 (2014).

[15] See *id.*

- 155 -

Nebraska Supreme Court Advance Sheets
298 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HALSTEAD
Cite as 298 Neb. 149

as an officer of the legal system. And neglect of these responsibilities compromises the integrity of the legal profession and the public interest which it serves.

We recognize that Halstead fully cooperated with the Counsel for Discipline, had practiced for many years, and had no previous disciplinary history. And we have considered the other mitigating factors identified by the referee. But the duty of candor to the tribunal lies at the heart of an attorney's role as an officer of the court. And this was no slip of the tongue. The falsehoods were made in writing and were repeated from year to year.

Therefore, upon our de novo review of the record, this court determines that Halstead should be suspended from the practice of law and required to comply with the other requirements set forth below.

## CONCLUSION

Halstead's exception with regard to the recommended sanction is overruled. Halstead is hereby suspended from the practice of law for a period of 1 year, effective immediately, and, before applying for reinstatement, he must complete continuing legal education credits in legal ethics and office management. After the period of suspension, Halstead may apply for reinstatement upon a showing of his fitness to practice law and compliance with all requirements. Upon reinstatement, Halstead shall be subject to a 1-year probation, during which time he shall not accept guardianship or conservatorship appointments.

Halstead shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. Halstead is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by this court.

Judgment of suspension.